UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

MATTHEW E. KOCH,                )
                                )
            Petitioner,         )
                                )
    vs.                         )        2:12-cv-208-JMS-WGH
                                )
RICHARD BROWN,                  )
                                )
            Respondent.         )

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Matthew Koch for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**I. The Petition for Writ of Habeas Corpus**

**A. Background**

Koch abducted, shot, and mistreated Lien Kim Le in July 2008. He was convicted in Vanderburgh County of battery, kidnapping, and robbery. *See Koch v. State*, Cause No. 82A01-1004-CR-154 (Ind.Ct.App. Aug. 24, 2011). In the course of affirming Koch's convictions for the offenses just listed, the Indiana Court of Appeals vacated two convictions for criminal confinement on double jeopardy grounds. *Id.* Koch's sentence was also reduced to 30 years. *Id.*

Following the decision of the Indiana Court of Appeals, Koch sought transfer to the Indiana Supreme Court for review of two issues. First, he claimed the Indiana Court of Appeals misapplied controlling state law precedent when it affirmed his kidnapping conviction. Second, Koch challenged the jury instructions related to jurisdiction. The Indiana Supreme Court denied transfer on December 2, 2011.

The filing of this action followed. Koch presents two claims. His first claim is that the trial court lacked jurisdiction and his second claim is that his right to be heard was denied when the trial court refused to accept his pro se motion to dismiss after he obtained appointed counsel. Koch's custodian has appeared in the action on behalf of the State of Indiana and argues that the habeas claims are either non-cognizable or procedurally defaulted. Koch has replied.

**B. Discussion**

The scope of federal habeas review is limited. *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010). "[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2254(a). And we have repeatedly held that federal habeas corpus relief does not lie for errors of state law. It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* (some internal citations and quotations omitted). Thus, "[t]o say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'" *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004)(quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)).

"[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). That examination should entail two inquiries: "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings." *Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir. 1988), *cert. denied,* 109 S. Ct. 1648 (1989). "If the answer to either . . . inquir[y] is `no,' the petition is barred either for failure to exhaust state remedies or for procedural default." *Id.*

The inquiry in this case centers on procedural default and the limited scope of the court's review.

"Before a federal court can entertain a petition for habeas corpus, a state prisoner must exhaust h[is] state remedies, presenting h[is] claims fully and fairly to the state courts." *Howard v. O=Sullivan,* 185 F.3d 721, 726 (7th Cir. 1999) (citing 28 U.S.C. ' 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel,*119 S. Ct. 1728, 1732 (1999); *Patrasso v. Nelson,* 121 F.3d 297, 301 (7th Cir. 1997)). "A state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). As to this latter factor, "[f]orfeiture under § 2254 is a question of a state's internal law: failure to present a claim at the time, and in the way, required by the state is an independent state ground of decision, barring review in federal court." *Hogan v. McBride,* 74 F.3d 144, 146 (7th Cir. 1996); *see also Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001) (to satisfy the fair presentment requirement, the petitioner must present both the operative facts and the legal principles that control each claim to the state judiciary; otherwise, he has forfeited federal review of his claim).

In his direct appeal, Koch challenged the sufficiency of the evidence as to the jurisdictional element of his battery and robbery convictions. He made no similar claim and made no jurisdictional claim as to the kidnapping conviction. The jurisdictional challenges which were made in his direct appeal, however, were not included in Koch's petition to transfer to the Indiana Supreme Court. The consequence is that Koch has

committed procedural default with respect to his habeas claim that the trial court lacked jurisdiction. *O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999); *Moffat v. Boyles,* 288 F.3d 978, 982 (7th Cir. 2002); *Wilson v. Briley,* 243 F.3d 325, 327 (7th Cir. 2001).

A federally habeas court is barred from considering procedurally defaulted claims unless the petitioner "can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice." *Johnson v. Hulett,* 574 F.3d 428, 430 (7th Cir. 2009) (internal quotation marks omitted). "Cause" for a procedural default exists if the petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488. Prejudice is demonstrated by showing that the errors worked to the petitioner's "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982). In this context, a fundamental miscarriage of justice means actual innocence. *See Murray,* 477 U.S. at 495-96. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 624 (1998).

Koch has not acknowledged his procedural default, noting instead that no Indiana state court has rejected his habeas claims on procedural grounds. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991)(the doctrine of procedural default considers the effect on federal habeas review of a "state court declin[ing] to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement"). This, however, is too clever by half because Koch never gave the Indiana state courts the opportunity to do so or to do otherwise. The finding of procedural default in this case rests on established Indiana law holding that issues not presented on direct appeal and relief are barred by procedural default. *See Lane v. Richards,* 957 F.2d 363, 366 (7th Cir.), *cert. denied,* 113 S. Ct. 127 (1992). The rule is this:

> A post-conviction relief proceeding is not a substitute for trial and appeal, but is a process for raising issues that were unknown or not available at trial. *Davidson v. State,* 763 N.E.2d 441, 443 (Ind. 2002). If an issue was available on direct appeal but not litigated, it is deemed waived. *Madden v. State,* 656 N.E.2d 524, 526 (Ind.Ct.App. 1995).

*Conner v. Anderson*, 259 F.Supp.2d 741, 750 (S.D.Ind. 2003)(quoting *Smith v. State,* 774 N.E.2d 1021, 1022 (Ind.Ct.App. 2002)).

Koch's second habeas claim, as noted, is that his right to be heard was denied when the trial court refused to accept his pro se motion to dismiss after he obtained appointed counsel. Everything noted concerning his procedural default of the first habeas claim is likewise the case as to this second habeas claim. The second habeas claim, moreover, does not implicate any federally recognized interest, *see e.g., Cain v. Peters*, 972 F.2d 748, 750 (7th Cir. 1992)("Representation by counsel and self-representation are mutually exclusive entitlements, in light of the Supreme Court's statement in *McKaskle* that the sixth amendment does not create a right to hybrid

representation.")(citing *McKaskle v. Wiggins,* 465 U.S. 168, 183 (1984)), and hence is not cognizable under § 2254(a).

### C. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Koch has encountered the hurdles of presenting a non-cognizable claim under 28 U.S.C. § 2254(a) and the doctrine of procedural default. He has not shown the existence of circumstances permitting him to overcome these hurdles, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **denied.**

Judgment consistent with this Entry shall now issue.

### II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing ' 2254 proceedings, and 28 U.S.C. ' 2253(c), the court finds that Koch has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 04/17/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

MATTHEW E. KOCH   197336
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838